### SALT LAKE VALLEY CANNING CO. et al. v. COLLINS.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

#### No. 1,728.

BANKRUPTCY (§ 96*) — ADMINISTRATION OF ESTATES — CONSOLIDATION OF PROCEEDINGS.

> Bankruptcy proceedings against a partnership and its members may properly be consolidated with those against a corporation which is entirely owned by one of the partners, in the interest of economy of administration.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 96.*]

Petition for Revision of Proceedings of the District Court of the United States for the District of Montana, in Bankruptcy.

In the matter of Cooney Bros. & Walsh, a corporation, bankrupt. The Salt Lake Valley Canning Company petitions for revision. Petition dismissed.

Nicholas A. Rotering and Louis P. Donovan, for petitioners.
Robert McBride, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The question presented by this petition is whether or not the District Court erred in confirming an order made by the referee in the bankruptcy proceedings against Cooney Bros., a partnership, and F. H. and B. E. Cooney as individuals, consolidating therewith the bankruptcy proceedings against Cooney Bros. & Walsh, a corporation, upon evidence which showed that the corporation styled Cooney Bros. & Walsh was a mere form under which F. H. Cooney also transacted business, and of the property of which corporation F. H. Cooney was the real owner.

We see no error in the action of the court in affirming the action of the referee, for, so far from resulting in injury to any right of any creditor of Cooney Bros. & Walsh, the creditors of that corporation can, as said by the court below, be better protected "through one administration than by having several, with the attendant burden of doubling expenses and costs." As also said by the District Court, the trustee chosen in the prior proceedings against Cooney Bros. and F. H. and B. E. Cooney may readily be changed in the event any of the creditors shall be able to show that he is not the proper person.

The petition for revision is dismissed, at the petitioner's cost.